IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

CENTER FOR BIOLOGICAL DIVERSITY,
a nonprofit corporation; FRIENDS OF THE
EARTH, a nonprofit corporation; and
MARCELIN KEEVER, an individual,

　　　　　Plaintiffs,

　　　v.

Civil Case No. 4:23-cv00535-DMR

MICHAEL S. REGAN, in his official capacity
as Acting Administrator of the United States
Environmental Protection Agency; and
UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY,

　　　　　Defendants.

**CONSENT DECREE**

WHEREAS, on February 6, 2023, Plaintiffs Center for Biological Diversity, Friends of

the Earth, and Marcelin Keever (collectively, "Plaintiffs") filed the complaint in this action

against Defendant Michael S. Regan in his official capacity as Administrator of the United States

Environmental Protection Agency and the United States Environmental Protection Agency

(collectively, "Defendants" or "EPA");

WHEREAS, Plaintiffs' complaint alleges that EPA has failed to perform its obligation

under section 312(p)(4)(A)(i) of the Clean Water Act ("CWA"), as amended by the Vessel

Incidental Discharge Act ("VIDA"), 33 U.S.C. § 1322(4)(A)(i), to "promulgate Federal

standards of performance for marine pollution control devices for each type of discharge

incidental to the normal operation of a vessel that is subject to regulation under [CWA section

1

312(p)]" (referred to herein as "Incidental Discharge Standards") not later than December 4, 2020;

WHEREAS, Plaintiffs' complaint alleges that "EPA still has not issued federal standards for marine pollution control devices for vessel discharges, including ballast water," that "EPA is over two years late in issuing these standards," and that "EPA and the Administrator are in violation of their nondiscretionary duty to promulgate vessel discharge standards";

WHEREAS, EPA published in the Federal Register on October 26, 2020, a proposed rule to establish Vessel Incidental Discharge National Standards of Performance, 85 Fed. Reg. 67818-01 (Oct. 26, 2020);

WHEREAS, on September 13, 2022, Plaintiffs served a notice of intent to sue EPA for failure to perform non-discretionary duties under the Clean Water Act;

WHEREAS, on January 19, 2023, EPA announced, via an email to stakeholders and an update to its website, its intent to sign for publication in Fall 2023 a Supplemental Notice to the proposed rule that EPA anticipates will provide clarification on the proposed rule, share new U.S. Coast Guard ballast water data, and discuss additional regulatory options EPA is considering for the final rule, and further that EPA anticipates signing a final rule for publication in Fall 2024;

WHEREAS, over two years have elapsed since the statutory deadline of December 4, 2020, for EPA to promulgate Federal standards of performance for marine pollution control devices pursuant to CWA section 312(p)(4)(A)(i), 33 U.S.C. § 1322(4)(A)(i);

WHEREAS, Plaintiffs and EPA (collectively, "the Parties"), after the Complaint was filed, entered into settlement discussions, resulting in this negotiated Consent Decree;

2

WHEREAS, the Parties agree that resolution of Plaintiffs' claims for relief as alleged in their complaint without further litigation is in the best interest of the Parties and the public, and that entry of this Consent Decree is the most appropriate means of resolving such claims; and

NOW THEREFORE, before EPA files any response to Plaintiffs' complaint, before any adjudication of Plaintiffs' claims for relief as alleged in their complaint, without admission or determination of any issue of fact or law, and upon the consent of the Parties, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 33 U.S.C. § 1365(a)(2).

2.      Venue is properly vested in the Northern District of California pursuant to 28 U.S.C. § 1391(e) because EPA resides in this district, Plaintiff Marcelin Keever resides in this district, and a substantial part of the events giving rise to the claims occurred here, including because EPA's actions and omissions with respect to vessel discharges affect waters in this district.

### EPA OBLIGATIONS

3.      No later than September 23, 2024, EPA shall sign (and promptly thereafter transmit to the Office of the Federal Register) a decision taking final action following notice and comment rulemaking with regard to EPA's October 26, 2020, proposed rule pertaining to Federal standards of performance for marine pollution control devices for discharges incidental to the normal operation of a vessel under CWA section 312(p)(4)(A)(i), 33 U.S.C. § 1322(p)(4)(A)(i) (Vessel Incidental Discharge National Standards of Performance, 85 Fed. Reg. 67818-01 (proposed Oct. 26, 2020)). In

3

addition, EPA shall provide Plaintiffs with a copy of the aforementioned final action within five business days of signature.

4.    90 days after the date on which this Consent Decree is entered by the Court, and every 90 days thereafter until EPA signs a decision taking final action as described in Paragraph 3, EPA shall file with the Court a report on the status of the rulemaking and progress towards completion.

## EXTENSIONS AND MODIFICATIONS

5.    Any term set forth in this Consent Decree, including any deadlines, may be modified by written agreement of the Parties with notice provided to the Court. Separate and apart from a stipulation between the Parties, either Party may seek modification of the terms of this Decree as provided in Paragraph 6.  Any motion for modification must satisfy Fed. R. Civ. P. 60(b).  *See e.g., Gonzalez v. Crosby*, 545 U.S. 524, 537 (2005); *United States v. Asarco, Inc.*, 430 F.3d 972, 979 (9th Cir. 2005).

6.    If either Party seeks to modify the terms of this Consent Decree, that Party shall provide the other Party with written notice of the proposed modifications and a request for negotiations as far in advance as practicable of any applicable deadline. Such written notice shall show good cause, by written explanation with supporting documentation, justifying that Party's request. The Parties agree to negotiate in good faith regarding any proposed modification of the Consent Decree. If the Parties agree to a proposed modification, the Parties shall jointly request the Court's approval. If the Parties cannot reach agreement regarding the proposed modification within 30 days after receipt of the notice of the proposed modification by the other Party, or within such other time to which the Parties mutually agree, then either Party may move the Court

4

for such modification. Consistent with the Federal Rules of Civil Procedure and the Local Rules

for the District of Northern California, the non-moving Party shall have the opportunity to

respond to such motion, and either Party may seek oral argument before the Court.

## FORCE MAJEURE

7.     The possibility exists that circumstances outside the reasonable control of EPA

could delay compliance with the deadlines specified in this Consent Decree. Such circumstances

include, but are not limited to, an environmental disaster that would require EPA employees to

divert resources away from the project or a government shutdown. Should a delay occur due to

circumstances outside the reasonable control of EPA, any resulting failure to meet the deadlines

set forth herein shall not constitute a failure to comply with the terms of the Consent Decree, and

any deadlines occurring during or within 120 days of the termination of the delay shall be

extended one day for each day of the delay. EPA will provide Plaintiffs with notice as soon as is

reasonably possible if EPA invokes this term of the Consent Decree and will provide Plaintiffs

with an explanation of EPA's basis for invoking this Paragraph. Plaintiffs may challenge the

invocation of this term of the Consent Decree under the Dispute Resolution terms of Paragraph

10, and EPA shall bear the burden of justifying the invocation of this term.

## CONTINUING JURISDICTION AND TERMINATION

8.     The Court shall retain jurisdiction to effectuate compliance with this Consent

Decree, to resolve any disputes thereunder, and to consider any requests for costs of litigation

(including reasonable attorneys' fees).  When EPA's obligations under Paragraphs 3 and 4 of this

Consent Decree have been completed and any Plaintiffs' claim for costs of litigation (including

reasonable attorneys' fees) have been resolved, EPA may move to have the Consent Decree

terminated and the case dismissed with prejudice.  Plaintiffs shall have sixty (60) days in which to respond to such a motion, unless the Parties stipulate to a longer time for Plaintiffs to respond.

9.     The deadline for filing any motion for Plaintiffs' costs of litigation (including reasonable attorneys' fees) for activities performed prior to entry of the Consent Decree is hereby extended until ninety (90) after this Consent Decree is entered by the Court.

## DISPUTE RESOLUTION

10.     In the event of a dispute between the Parties concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with a written notice outlining the nature of the dispute and requesting informal negotiations.  If the Parties cannot reach an agreed-upon resolution within 15 business days after receipt of the notice, then either party may move the Court to resolve the dispute. Consistent with the Federal Rules of Civil Procedure and the Local Rules for the District of Northern California, the non-moving Party shall have the opportunity to respond to such motion, and either Party may seek oral argument before the Court.

## GENERAL PROVISIONS

11.     This Agreement shall not constitute or be construed as an admission or adjudication by any party of any question of fact or law with respect to claims raised in this action.  Nor is it an admission of violation of any law, rule, regulation, or policy by the United States or EPA.

12.     The obligations imposed by EPA under Paragraphs 3 and 4 of this Consent Decree can only be undertaken using appropriated funds.  No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that EPA obligate or pay funds

6

in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable federal statute.

13.     With the exception of the September 23, 2024, deadline and timing of status reports required by Paragraphs 3 and 4, nothing in this Consent Decree shall be construed to limit or modify any discretion EPA may have to alter, amend, or revise the actions taken pursuant to Paragraphs 3 and 4 of this Consent Decree.

14.     Nothing in the terms of this Consent Decree shall be construed to limit or modify the discretion accorded EPA by the CWA or by general principles of administrative law in taking the actions referred to in Paragraphs 3 and 4. EPA's obligation to perform the actions specified in Paragraphs 3 and 4 this Consent Decree, by the dates specified in said Paragraphs, does not constitute a limitation or modification of EPA's discretion within the meaning of this Paragraph.

15.     Nothing in the terms of this Consent Decree shall be construed either (a) to confer upon this Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals for the District of Columbia Circuit under section 509(b)(4) of the CWA, 33 U.S.C. § 1369(b)(4), or to waive any remedies Plaintiffs may have under section 509(b) of the CWA, 33 U.S.C. § 1369(b). Nothing in the terms of this Decree shall be construed to confer upon the district court jurisdiction to review any decision, either procedural or substantive, to be made by EPA pursuant to this Decree, except for the purpose of determining EPA's compliance with this Consent Decree.

16.     The Parties agree to treat this Consent Decree as jointly drafted by Plaintiffs and EPA. Accordingly, the Parties hereby agree that any and all rules of construction to the effect

7

that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

17.     Nothing in this Consent Decree shall be construed as an admission of any issue of fact or law nor to waive or limit any claim or defense, on any grounds, related to any final action EPA may take with respect to the actions addressed in this Consent Decree.

18.     This written instrument constitutes the final, complete, and exclusive agreement and understanding among the Parties regarding the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree.

19.     Upon entry, this Consent Decree shall constitute a complete and final resolution of all claims Plaintiffs asserted or that could have asserted in their Complaint, subject to the express reservations of Plaintiffs' rights herein.

## RECIPIENTS OF NOTIFICATION

20.     Any notices required or provided for by this Consent Decree shall be in writing, effective upon receipt, and sent to the following:

For Plaintiffs:

MIYOKO SAKASHITA
Center for Biological Diversity
1212 Broadway, Suite 800
Oakland, CA 94612
miyoko@biologicaldiversity.org
Telephone: (510) 844-7137

DEBORAH A. SIVAS
MATTHEW J. SANDERS
ENVIRONMENTAL LAW CLINIC
Mills Legal Clinic at Stanford Law School
559 Nathan Abbott Way
Stanford, California 94305-8610

8

Telephone: (650) 725.8571
Facsimile: (650) 723.4426
Email: dsivas@stanford.edu
Email: matthewjsanders@stanford.edu

For EPA:

Chief
Environmental Defense Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C.  20044
Attn:  DJ #s 90-5-1-4-22267

Associate General Counsel
Water Law Office
U.S. Environmental Protection Agency
Office of General Counsel
Mail Code 2355A
1200 Pennsylvania Ave., N.W.
Washington, DC 20460

Courtesy copies shall also be sent via email to undersigned staff counsel for the relevant party at

the email addresses listed in the signature block of this Consent Decree (or at such other email

addresses as requested in writing following entry of this Consent Decree).

## EFFECTIVE DATE

21.    This Consent Decree shall become effective upon the date of its entry by the

Court.  If for any reason the Court does not enter this Consent Decree, the obligations set forth in

this Decree are null and void.

## SIGNATURE OF PARTIES

22.    The undersigned representatives of each party certify that they are fully

authorized by the party or parties they represent to consent to the Court's entry of the terms and

conditions of this Consent Decree.

IT IS SO ORDERED this _____ day of _____, 2023.

_____

UNITED STATES DISTRICT JUDGE

Approved by Counsel for the Parties:

FOR EPA:

TODD KIM
United States Department of Justice
Assistant Attorney General
Environment and Natural Resources
Division

Dated: 12/13/23

MARTIN F. McDERMOTT
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
4 Constitution Square
150 M Street, N.E.
Suite 4.147
Washington, D.C.  20002
martin.mcdermott@usdoj.gov
Telephone (202) 514-4122
Facsimile (202) 514-8865


*Of counsel*:
THOMAS A. GLAZER
Office of General Counsel
U.S. Environmental Protection Agency
7426N WJC North

10

1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460
202-564-0908

FOR PLAINTIFFS:

Dated: __12/11/2023__

MIYOKO SAKASHITA
Center for Biological Diversity
1212 Broadway, Suite 800
Oakland, CA 94612
miyoko@biologicaldiversity.org
Telephone: (510) 844-7138

Dated: __12/12/23__

MATTHEW J. SANDERS
ENVIRONMENTAL LAW CLINIC
Mills Legal Clinic at Stanford Law School
559 Nathan Abbott Way
Stanford, California 94305-8610
Telephone: (650) 725.8571

11